UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-CR-85-TLS |
| | ) | (1:18-CV-18) |
| EDWARD WILLIAMS | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Edward Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [ECF No. 55], filed on January 29, 2018. The Government has filed a Response [ECF No. 60], arguing that the Defendant's Motion is time-barred, and that, according to the terms of his plea agreement, he waived his right to collaterally attack his sentence. Because the Defendant filed the Motion well outside of § 2255's one-year statute of limitations, his Motion is dismissed.

On September 15, 2014, this Court sentenced the Defendant as a result of his conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. A federal prisoner must file his § 2255 motion within one year from the date on which his "judgment of conviction becomes final." 28 U.S.C. § 2255(f). When a defendant does not take a direct appeal, the sentence becomes final when the deadline for filing a notice of appeal expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see also Clay v. United States*, 537 U.S. 522, 525 (2003). The time for filing an appeal in a criminal case is fourteen days after the entry of judgment. Fed. R. App. P. 4(b). Accordingly, the judgment of conviction became final on September 29, 2014, and the limitations period expired one year later. The Defendant's habeas Motion, filed on January 29, 2018, is well outside the one-year statute of limitations.

Equity may toll the limitations period for § 2255 motions. *See United States v. Nolan*,

358 F.3d 480, 484 (7th Cir. 2004). Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is recognized "sparingly." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Simms v. Acevedo*, 595 F.3d 774 781 (7th Cir. 2010) (noting that "[e]quitable tolling is rarely granted.") (quoting *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland. Florida*, 130 S. Ct. 2549, 2560–62 (2010). The movant bears the burden of proving both elements. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Whether a particular situation justifies equitable tolling is a fact-specific, case-by-case inquiry. *Holland*, 130 S. Ct. at 2565.

The Defendant does not specifically ask the Court to find that equitable tolling applies. However, the Defendant's Motion, which is submitted on a form, contains his response to the question why he did not appeal from an adverse action on any previous motion. The Court construes these reasons as the same (or similar to) ones he would offer in favor of equitable tolling. The Defendant states that he "was heavily medicated" and not mentally "capable." (Mot. 4.) Additionally, he states that he was not allowed to see his Presentence Investigation Report, which contained the sentencing enhancements. The Defendant maintains that, "[a]fter a couple of years of not being medicated, I was able to competently think." (*Id.*) Finally, the Defendant states that in the county jail where he was housed, he did not have adequate access to a law library to research his case.

The Defendant has not presented any facts from which the Court could conclude that he diligently pursued his rights before the statute of limitations expired. The Defendant has presented no instances in which he sought relief, much less with reasonable diligence, or sought to preserve his rights. *See Tucker*, 538 F.3d at 735 (equitable tolling inapplicable because petitioner "had the burden to demonstrate his own diligence in pursuing his claim, but failed to present any evidence in support of it") (citations omitted). The Court's own review of the record does not reveal any such efforts. The docket contains a letter [ECF No. 49] that the Defendant wrote to the Clerk of Court shortly after he was sentenced, wherein he requested copies of his plea agreement and the docket sheet. A copy of the docket was sent to the Defendant, and he was advised that a copy of his plea agreement would cost $.60 [ECF No. 51]. The next submission from the Defendant is a letter filed nearly three years later, on December 18, 2017 [ECF No. 53], beyond the limitations period for filing a collateral attack.

Additionally, the Defendant has not provided any proof that obstacles or extraordinary circumstances beyond his control prevented him from filing a timely motion. For example, he makes the conclusory claim that his medications rendered him incapable. Statements the Defendant made to the probation officer who prepared his Presentence Investigation Report (PSR) reveal no problems with his medication for anxiety and bipolar disorder. To the contrary, the Defendant reported that it was during periods when he was not incarcerated, and thus "not properly medicated," that he felt "paranoid, frustrated and extremely aggressive towards others. He added that when he is not medicated he often feels urges and impulses and feels that other people have something against him without them necessarily saying so." (PSR ¶ 72, ECF No. 44.)

The Defendant was taking prescribed medications during the pretrial phase of his case, including during the change of plea hearing. During that hearing, with the Defendant present, the court took measures to ensure that the Defendant was competent to plead. The Defendant advised the court that he was taking Trazadone 100 mg, Wellbutrin XL 150 mg, and Zyprexa 5 mg. He explained that the medications helped him sleep, stabilized his mood, and kept him feeling normal. He unequivocally stated that none of the medications impacted his ability to think clearly, and that he understood the proceedings and the consequences of pleading guilty. After making further inquiry of the probation officer, the court specifically asked the Defendant whether he ever experienced confusion after taking Trazadone. The Defendant assured the court that he did not. Both the Defendant's lawyer and the Government stated that they had no concerns with the Defendant's competence to plead guilty. The court found that the Defendant understood the significance of the proceedings and was competent to continue.[1]

Nothing in the record indicates that the Defendant's prescribed medications had a different effect on the Defendant after he was sentenced than they did when he entered the plea of guilty. There is no evidence to suggest that the prescribed medications created an obstacle to the Defendant's pursuit of his rights. *See, e.g.*, *Obriecht v. Foster*, 727 F.3d 744, 751 (7th Cir. 2013) (finding no diligent pursuit where the petition "offered only the conclusory statements that he suffered from mental health problems and was incarcerated in [a mental health facility]" but had "not explained, or provided evidence to demonstrate, how these two facts actually impaired

---

[1] Notably, the Defendant's voluntary entry of a plea of guilty presents a separate obstacle to his pursuit of collateral relief. The Defendant's plea agreement contains an express waiver of his right to collaterally attack his conviction and sentence, and courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008) (quotation marks and citation omitted).

his ability to pursue his claims").

A potential additional obstacle is implied in the Defendant's complaint that the county jail did not have an adequate law library. However, after sentencing, the Defendant was transferred from the county jail to the designated federal facility to serve his term of imprisonment. Thus, the adequacy of the law library at the county jail could not have presented an obstacle to pursuing collateral relief. In any event, many of the issues the Defendant cites in his Motion were not dependent on legal research and were capable of being presented without access to a law library.

Finally, the Defendant complains that he did not have access to his Presentence Investigation Report containing his sentencing enhancements. The Defendant, however, was sentenced pursuant to a binding agreement for a specific term of imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C). (Plea Agr. ¶ 8.c., ECF No. 26.) This binding term was set forth in his plea agreement, and was not dependent on the advisory Guideline calculations contained in his PSR.

The Court does not find that a basis has been presented to justify applying the extraordinary remedy of equitable tolling to the Defendant's untimely Motion.

## NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules

Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Because the Defendant filed his Motion more than two years after the judgment in his criminal case became final, and he has not established the diligent pursuit of rights or extraordinary circumstances necessary to support equitable tolling, no reasonable jurist could conclude that the Defendant should be allowed to proceed further, and the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 55], and DECLINES to issue a Certificate of Appealability.

SO ORDERED on May 29, 2018.

                                                      s/ Theresa L. Springmann
                                                    CHIEF JUDGE THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT